UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                       No. 2:10-cv-01958-MCE-JFM

      Plaintiff,

  v.                                    PRETRIAL SCHEDULING ORDER

LA RIVIERA, INC.,

      Defendant.
_____/

After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.   SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

    III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. sections 1331, 1343 and 1367.  Jurisdiction and venue are not contested.

1

1   IV.   DISCOVERY

2   All discovery, with the exception of expert discovery, shall
3   be completed by **March 7, 2012**.  In this context, "completed"
4   means that all discovery shall have been conducted so that all
5   depositions have been taken and any disputes relative to
6   discovery shall have been resolved by appropriate order if
7   necessary and, where discovery has been ordered, the order has
8   been obeyed.  All motions to compel discovery must be noticed on
9   the magistrate judge's calendar in accordance with the local
10  rules of this Court.

11  V.    DISCLOSURE OF EXPERT WITNESSES

12  All counsel are to designate in writing, file with the
13  Court, and serve upon all other parties the name, address, and
14  area of expertise of each expert that they propose to tender at
15  trial not later than **May 7, 2012**.[1]  The designation shall be
16  accompanied by a written report prepared and signed by the
17  witness.  The report shall comply with Fed. R. Civ. P.
18  26(a)(2)(B).

19  Within twenty (20) days after the designation of expert
20  witnesses, any party may designate a supplemental list of expert
21  witnesses who will express an opinion on a subject covered by an
22  expert designated by an adverse party.

23  ///
24  ///
25  ///

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who my be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

///
///
///
///
///

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

VI. <u>MOTION HEARING SCHEDULE</u>

The Plaintiff's dispositive motion shall be filed by **July 12, 2012.**  Defendant's opposition and cross-motion shall be filed by **August 2, 2012.**  Plaintiff's reply and opposition shall be filed by **August 16, 2012.**  Defendant's reply shall be filed by **August 30, 2012.**  Hearing on such motions shall be on **September 6, 2012,** at **2:00 p.m.**

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.

///

4

Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in</u> <u>limine</u> is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions <u>in</u> <u>limine</u>.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

///
///
///

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1        VII. FINAL PRETRIAL CONFERENCE

2        The Final Pretrial Conference is set for **November 15, 2012** at **2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

         Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

         The parties shall file, not later than **October 25, 2012**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

///
///
///
///
///

1    At the time of filing the Joint Final Pretrial Conference
2 Statement, counsel shall also electronically mail to the Court in
3 digital format compatible with Microsoft Word or WordPerfect, the
4 Joint Final Pretrial Conference Statement in its entirety
5 including the witness and exhibit lists.  **These documents shall**
6 **be sent to: mceorders@caed.uscourts.gov.**
7    The parties should identify first the core undisputed facts
8 relevant to all claims.  The parties should then, in a concise
9 manner, identify those undisputed core facts that are relevant to
10 each claim.  The disputed facts should be identified in the same
11 manner.  Where the parties are unable to agree as to what
12 disputed facts are properly before the Court for trial, they
13 should nevertheless list all disputed facts asserted by each
14 party.  Each disputed fact or undisputed fact should be
15 separately numbered or lettered.
16    Each party shall identify and concisely list each disputed
17 evidentiary issue which will be the subject of a motion in
18 limine.
19    Each party shall identify the points of law which concisely
20 describe the legal issues of the trial which will be discussed in
21 the parties' respective trial briefs.  Points of law should
22 reflect issues derived from the core undisputed and disputed
23 facts.  Parties shall not include argument or authorities with
24 any point of law.
25    The parties are reminded that pursuant to Local Rule 281
26 they are required to list in the Joint Final Pretrial Conference
27 Statement all witnesses and exhibits they propose to offer at
28 trial.

1  After the name of each witness, each party shall provide a brief
2  statement of the nature of the testimony to be proffered.  The
3  parties may file a joint list or each party may file separate
4  lists.  These list(s) shall not be contained in the body of the
5  Joint Final Pretrial Conference Statement itself, but shall be
6  attached as separate documents to be used as addenda to the Final
7  Pretrial Order.
8       Plaintiff's exhibits shall be listed numerically.
9  Defendant's exhibits shall be listed alphabetically.  The parties
10 shall use the standard exhibit stickers provided by the Court
11 Clerk's Office: pink for plaintiff and blue for defendant.  In
12 the event that the alphabet is exhausted, the exhibits shall be
13 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
14 number of letters in parenthesis (i.e., "AAAA(4)") to reduce
15 confusion at trial.  All multi-page exhibits shall be stapled or
16 otherwise fastened together and each page within the exhibit
17 shall be numbered.  All photographs shall be marked individually.
18 The list of exhibits shall not include excerpts of depositions,
19 which may be used to impeach witnesses.  In the event that
20 Plaintiff and Defendant offer the same exhibit during trial, that
21 exhibit shall be referred to by the designation the exhibit is
22 _first_ _identified_.  The Court cautions the parties to pay
23 attention to this detail so that all concerned will not be
24 confused by one exhibit being identified with both a number and a
25 letter.
26 ///
27 ///
28 ///

1    The Final Pretrial Order will contain a stringent standard
2 for the offering at trial of witnesses and exhibits not listed in
3 the Final Pretrial Order, and the parties are cautioned that the
4 standard will be strictly applied.  On the other hand, the
5 listing of exhibits or witnesses that a party does not intend to
6 offer will be viewed as an abuse of the court's processes.
7    The parties also are reminded that pursuant to Rule 16 of
8 the Federal Rules of Civil Procedure it will be their duty at the
9 Final Pretrial Conference to aid the Court in: (a) the
10 formulation and simplification of issues and the elimination of
11 frivolous claims or defenses; (b) the settling of facts that
12 should properly be admitted; and (c) the avoidance of unnecessary
13 proof and cumulative evidence.  Counsel must cooperatively
14 prepare the Joint Final Pretrial Conference Statement and
15 participate in good faith at the Final Pretrial Conference with
16 these aims in mind.  A failure to do so may result in the
17 imposition of sanctions which may include monetary sanctions,
18 orders precluding proof, elimination of claims or defenses, or
19 such other sanctions as the Court deems appropriate.
20    VIII.  TRIAL BRIEFS
21    The parties shall file trial briefs not later than
22 **November 1, 2012.**  Counsel are directed to Local Rule 285
23 regarding the content of trial briefs.
24 ///
25 ///
26 ///
27 ///
28 ///

1       IX.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

2       Any evidentiary or procedural motions are to be filed by
3  **October 25, 2012.**  Oppositions must be filed by **November 1, 2012**
4  and any reply must be filed by **November 8, 2012.**  The motions
5  will be heard by the Court at the same time as the Final Pretrial
6  Conference.

7       X.    TRIAL SETTING

8       The trial is set for **January 7, 2013** at **9:00 a.m.**  Trial
9  will be a bench trial.  The parties estimate a trial length of
10 **three (3) days.**

11      XI.   SETTLEMENT CONFERENCE

12      A Settlement Conference is set before Judge Morrison C.
13 England, Jr. on **April 8, 2011, at 9:00 a.m.**

14      Each party is directed to have a principal capable of
15 disposition at the Settlement Conference or to be fully
16 authorized to settle the matter on any terms at the Settlement
17 Conference.

18      Each party is directed to submit to the chambers of
19 Judge England confidential settlement conference statements not
20 later than **April 1, 2011.**  Such statements are neither to be
21 filed with the clerk nor served on opposing counsel.  However,
22 each party shall notify the other party that the statement has
23 been submitted to the judge's chambers.

24      In the Joint Status Report, the parties waived
25 disqualification and stipulate to the trial judge acting as the
26 settlement judge.
27 ///
28 ///

## XII. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

## XIII. MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

## XIV. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) *court* days of service of this Order.

IT IS SO ORDERED.

Dated: January 11, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE